## Snyder v. Temple

*Raymond E. Brown*, for plaintiff.

*M. L. McBride* and *W. N. Conrad*, for defendant.

DARR, P. J., April 30, 1931.—This case comes before us on defendant's motion to quash writ of *capias ad respondendum* and rule granted thereon, also on rule to show cause of action and why defendant should not be discharged on common bail.

On October 11, 1930, a collision occurred between the automobile of the plaintiff and that of the defendant on the Lakes-to-the-Sea Highway, in Pinecreek Township, Jefferson County, Pennsylvania. Suit was brought by plaintiff against the defendant to the above number and term and præcipe for *capias ad respondendum* filed December 8, 1930. The writ was served on the defendant, a resident of Mercer County, by the sheriff of that county, who was deputized by the Sheriff of Jefferson County. An affidavit to hold to bail was filed, and the proceedings seem to have been regular, so fas as relates to the issuance of the writ. The defendant appeared and entered bail in the sum of $500, and later moved to quash the writ and to be discharged on common bail.

The writ was issued under the Act of May 1, 1929, P. L. 905, 997, section 1208, known as The Vehicle Code, which provides, among other things:

"Section 1208. Civil Actions for Damages. All civil actions for damages, arising from the use and operation of any vehicle, may, at the discretion of the plaintiff, be brought . . . in the county wherein the alleged damages were sustained, . . . or said action may be brought in the court of common pleas of said county, and service of process . . . may be made by the sheriff of the county where the suit is brought deputizing the sheriff of the county wherein the defendant or his registered agent resides, or where service may be had upon him under the existing laws of this Commonwealth, in like manner as process may now be served in the proper county."

The Act of June 13, 1836, P. L. 568, section 3, provides, among other things:

"It shall be the duty of the prothonotary of any court having jurisdiction of the action, on the application of the plaintiff in any personal action . . . instead of the writ of summons as aforesaid, to issue a writ of *capias ad respondendum*, in the following form: . . ."

The defendant contends that The Vehicle Code of 1929, authorizing service of "process" as aforesaid, applies only to writs of summons and not to writs of capias. No authorities are cited in support of this position, and it seems to us that if the legislature had intended to limit the provisions to writs of summons, it would have said so and used the word "summons" where the word "process" is employed. Terms used in statutes are given their legal meaning where they have a technical signification and their ordinary meaning in all other cases.

The word "process" is defined by Blackstone to be the means of compelling a defendant to appear in court and, although literally perhaps it can only be strictly characterized as the initial step in a case, it has come to be indicated by the two terms "mesne" and "final," which are used to designate the two stages in the progress of a cause in which it is employed: 6 Words and Phrases (1st series), 5644.

Writs of summons and writs of *capias ad respondendum* are the "means of compelling a defendant to appear in court" and are "the initial step in a case."

Counsel for the defendant states in his brief, after conceding the provisions of the Act of 1836 aforesaid:

"But the Act of July 9, 1901, P. L. 614, at page 616, section 6, states that 'The writ of *capias ad respondendum* may be served by the sheriff of the county in which it is issued in any of the following methods:' and the Act of 1929 (The Vehicle Code), while allowing process to be served by the sheriff of the other county in actions arising under said Vehicle Code, nevertheless does not extend specifically to writs of capias, and the court from which the writ issues has authority to quash the writ or to discharge the defendant without bail."

It is to be noted that clause one of the same section of the said Act of 1901 employs exactly the same language regarding the service of writs of summons, writs of attachment in execution, and writs of scire facias, none of which writs are specifically referred to in the Act of 1929. Under the process of reasoning employed by the defendant's counsel, neither a writ of summons nor of *capias ad respondendum* nor any other original process, so far as we know, could be served by the sheriff of another county in automobile cases, so that that part of The Vehicle Code which provides for such service would be without meaning.

714

In view of what we have said heretofore, it is unnecessary to pass upon the question of whether or not the defendant by entering his appearance and giving bail waived his right to move to quash the writ.

And now, April 30, 1931, upon due consideration, the motion to quash the writ of *capias ad respondendum* is refused and rule discharged. The rule to show cause why defendant should not be released on common bail is likewise discharged.